**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION**

| | | |
|---|---|---|
| **ERIKA FLORES,** *et al.* | § | |
| | § | |
| **v.** | § | **NO. 4:25-CV-00234-ALM-BD** |
| | § | |
| **HARBOR FREIGHT TOOLS USA,** | § | |
| **INC.,** *et al.* | § | |

**MEMORANDUM OPINION AND ORDER**

Yesterday, the court held a status conference to address the defendants' efforts to establish diversity jurisdiction. Minute Entry for Apr. 30, 2026. The plaintiffs did not appear. *Id.* This order summarizes the court's rulings.

**DISCUSSION**

When describing the "'clear, distinct, and precise affirmative jurisdictional allegations'" that parties must make "in their pleadings . . . [t]o properly allege diversity jurisdiction under [28 U.S.C.] § 1332," *MidCap Media Fin., L.L.C. v. Pathway Data, Inc.*, 929 F.3d 310, 313 (5th Cir. 2019) (quoting *Getty Oil Corp. v. Ins. Co. of N. Am.*, 841 F.2d 1254, 1259 (5th Cir. 1988)), the Fifth Circuit has explained that

> [t]he difference between *citizenship* and *residency* is a frequent source of confusion. For individuals, "citizenship has the same meaning as domicile," and "the place of residence is prima facie the domicile." *Stine v. Moore*, 213 F.2d 446, 448 (5th Cir. 1954). Nevertheless, "[c]itizenship and residence, as often declared by this court, are not synonymous terms." *Robertson v. Cease*, 97 U.S. 646, 648, 24 L.Ed. 1057 (1878). Citizenship requires not only "[r]esidence in fact" but also "the purpose to make the place of residence one's home." *Texas v. Florida*, 306 U.S. 398, 424, 59 S.Ct. 563, 83 L.Ed. 817 (1939). Therefore, an allegation of residency alone "does not satisfy the requirement of an allegation of citizenship." *Strain v. Harrelson Rubber Co.*, 742 F.2d 888, 889 (5th Cir. 1984) (per curiam).

*Id.* In other words, the prima facie showing of domicile that an allegation of residency gives rise to is effectively irrelevant for purposes of § 1332, even at the pleading stage. What § 1332 requires, with respect to an individual, is an allegation of citizenship based on domicile. *Id.*

Courts consider several factors when determining domicile: "the places where the litigant exercises civil and political rights, pays taxes, owns real and personal property, has driver's and other licenses, maintains bank accounts, belongs to clubs and churches, has places of business or employment, and maintains a home for his [or her] family." *Coury v. Prot*, 85 F.3d 244, 251 (5th Cir. 1996).

For the reasons stated on the record, the defendants' request for leave to file an amended notice of removal is well taken. Minute Entry for Apr. 30, 2026. The defendants must file the amended notice by June 1, 2026. The defendants are reminded that they must properly allege the domiciles of each plaintiff, including the two minor plaintiffs, at the time the state-court petition was filed and at the time the case was removed to this court. *See Coury*, 85 F.3d at 249 (noting that "diversity of citizenship must exist both at the time of filing in state court and at the time of removal to federal court"); *W.L. v. Zirus*, No. SA-19-CV-00607-FB, 2020 WL 6703238, at *4 (W.D. Tex. Nov. 12, 2020) (explaining that a parent may sue as a "next friend" on behalf of a minor child but that, for diversity purposes, the real party in interest remains the minor plaintiff), *report and recommendation adopted,* No. SA-19-CA-607-FB, 2021 WL 2470362 (W.D. Tex. Jan. 12, 2021).

The defendants may serve additional discovery requests on the plaintiffs and conduct independent research. If the defendants serve discovery requests, the plaintiffs are ordered to cooperate with the defendants and respond to the requests within 14 days of being served with them.

The court has the inherent power to dismiss a complaint sua sponte for want of prosecution or failure to follow its orders. *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630–32 (1962); *see also* Fed. R. Civ. P. 41(b). It also may issue sanctions when a party "fails to obey a . . . pretrial order." Fed. R. Civ. P. 16(f)(1)(C). By failing to assist the defendants' preparation of an amended notice of removal and failing to appear at the April 30, 2026, status conference, the plaintiffs have now disobeyed three court orders. *See* Dkts. 34, 37, 39.

The plaintiffs are again reminded of their obligation to follow this court's orders. The court noted that it would entertain a motion by the defendants seeking costs and fees incurred in

attending yesterday's hearing and in attempting to obtain jurisdictional information from the plaintiffs. Minute Entry for Apr. 30, 2026. If the plaintiffs do not comply with this order, they will subject themselves to further sanctions liability. *See Carver v. Baustert*, No. 25-30101, 2026 WL 581819, at *2 (5th Cir. Mar. 2, 2026) (Oldham, J., concurring) (explaining that "[f]ederal courts obviously and always have jurisdiction to determine their own jurisdiction," "that power necessarily includes the power to sanction jurisdictional misconduct," and "[t]he fact that [a] district court lack[s] jurisdiction over [a] case d[oes] not license [a litigant] to abuse the federal court system"); *Willy v. Coastal Corp.*, 915 F.2d 965, 967 (5th Cir. 1990) (explaining that a district court has "the authority to impose sanctions irrespective of the existence of subject matter jurisdiction"), *aff'd,* 503 U.S. 131 (1992).

For the reasons stated on the record, the motion of John D. Ormond to withdraw as counsel for the defendants, Dkt. 40, is well taken, and the scheduling order, Dkt. 16, should be set aside.

### CONCLUSION

It is **ORDERED** that:

1) the defendants file an amended notice of removal by June 1, 2026;

2) the plaintiffs respond to any jurisdictional discovery request within 14 days of service of the request;

3) the motion to withdraw John D. Ormond as counsel for the defendants, Dkt. 40, is **GRANTED**; and

4) the scheduling order, Dkt. 16, is **VACATED**.

So **ORDERED** and **SIGNED** this 1st day of May, 2026.

_____
Bill Davis
United States Magistrate Judge